IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | |
| **v.** | § | **CASE NUMBER 1:03-CR-00143-MAC** |
| | § | |
| | § | |
| **BRYAN GENE BERRYMAN** | § | |
| | § | |

**REPORT AND RECOMMENDATION ON PETITION FOR WARRANT
FOR OFFENDER UNDER SUPERVISION**

Pending is a "Petition for Warrant or Summons for Offender Under Supervision" filed February 11, 2025, alleging that the Defendant, Bryan Gene Berryman, violated his conditions of supervised release. This matter is referred to the Honorable Christine L. Stetson, United States Magistrate Judge, for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. *See United States v. Rodriguez*, 23 F.3d 919, 920 n.1 (5th Cir. 1994); *see also* 18 U.S.C. § 3401(i) (2000); E.D. TEX. CRIM. R. CR-59.

**I. The Original Conviction and Sentence**

Bryan Gene Berryman was sentenced on May 25, 2004, before The Honorable Marcia A. Crone, of the Eastern District of Texas, after pleading guilty to the offense of Receipt of Child Pornography, a Class C felony. This offense carried a statutory maximum imprisonment term of 30 years. The guideline imprisonment range, based on a total offense level of 22 and a criminal history category of II, was 60 months. Bryan Gene Berryman was subsequently sentenced to 57 months' imprisonment followed by a 3 year term of supervised release subject to the standard conditions of release, plus special conditions to include: treatment and testing for substance abuse; mental health treatment; sex offender treatment, testing and registration; restrictions on

-1-

contact with minors; computer and internet restrictions; restrictions on sexually explicit material; employment location restrictions; and a $100 special assessment.

## II. The Period of Supervision

On May 14, 2021, Bryan Gene Berryman completed his period of imprisonment and began service of the initial supervision term. On or about February 8, 2022, jurisdiction was transferred from the Eastern District of Texas to the Northern District of Texas, Fort Worth Division, and the case was assigned to United States District Judge Mark T. Pittman.

On August 3, 2023, the original term of supervised release was revoked, and Mr. Berryman was sentenced to 6 months imprisonment followed by a 24-month term of supervised release subject to the original conditions of supervision. He completed his period of imprisonment on January 5, 2024, and commenced his new term of supervised release.

On or about May 31, 2024, jurisdiction in this case was transferred back to the Eastern District of Texas and assigned again to U.S. District Judge Marcia A. Crone. On November 14, 2024, the Court modified the special conditions of supervision to update the wording on the sex offender conditions and to include a condition for search/seizure.

## III. The Petition

United States Probation filed the Petition for Warrant for Offender Under Supervision raising two allegations. The petition alleges that Bryan Gene Berryman violated the following conditions of release:

Allegation 1. The Defendant shall not commit another federal, state, or local crime.

Allegation 2. You must participate in sex offender treatment services. These services may include psychophysiological testing (i.e. clinical polygraph, plethysmograph, and the ABEL screen) to monitor your compliance, treatment progress, and risk to the community. You must abide by all rules and regulations

of the treatment program, until discharged. The probation officer, in consultation
with the treatment provider, will supervise your participation in the program.
You must pay any costs associated with treatment and testing.

### IV.  Proceedings

On February 26, 2025, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether the Defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the Government and the Defendant announced an agreement as to a recommended disposition regarding the revocation.  The Defendant agreed to plead "true" to the second allegation that claimed he failed to complete sex offender treatment. In return, the parties agreed that he should serve a term of 15 months' imprisonment with no supervised release to follow.

### V.  Principles of Analysis

According to Title 18 U.S.C. § 3583(e)(3), the court may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than five years in prison if the offense that resulted in the term of supervised release is a Class A felony, more than three years if such offense is a Class B felony, more than two years in prison if such offense is a Class C or D felony, or more than one year in

any other case. The original offense of conviction was a Class C felony, therefore, the maximum imprisonment sentence is 2 years.

According to U.S.S.G. § 7B1.1(a)[1], if the court finds by a preponderance of the evidence that the Defendant violated conditions of supervision by failing to complete sex offender treatment, the Defendant will be guilty of committing a Grade C violation. U.S.S.G. § 7B1.3(a) indicates that upon a finding of a Grade A or B violation, the court shall revoke probation or supervised release, or upon the finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.

U.S.S.G. § 7B1.4(a) provides that in the case of revocation of supervised release based on a Grade C violation and a criminal history category of II, the policy statement imprisonment range is 4 to 10 months.

According to U.S.S.G. § 7B1.3(c)(1), where the minimum term of imprisonment determined under U.S.S.G. § 7B1.4 is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in U.S.S.G. § 5C1.1(e), for any portion of the minimum term.

According to U.S.S.G. § 7B1.3(f) any term of imprisonment imposed upon revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised

---

1. All of the policy statements in Chapter 7 that govern sentences imposed upon revocation of supervised release are non-binding. *See* U.S.S.G. Ch. 7 Pt. A; *United States v. Bradberry*, 360 F. App'x. 508, 509 (5th Cir. 2009).

release. The Defendant's agreed upon revocation sentence shall run consecutively to any other sentence of imprisonment he is serving.

In determining the Defendant's sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; *see* 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed: to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; *see* 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; *see* 18 U.S.C. 3553(a)(4); *see also* 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; *see* 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; *see* 18 U.S.C. § 3553(a)(6).

6. The need to provide restitution to any victims of the offense.

18 U.S.C. §§ 3583(e) and 3553(a).

## VI. Application

The Defendant pled "true" to the petition's allegation that he violated a special condition of release that he failed to complete sex offender treatment. Based upon the Defendant's plea of "true" to this allegation of the Petition for Warrant or Summons for Offender Under Supervision and U.S.S.G. § 7B1.1(a), the undersigned finds that the Defendant violated a condition of supervised release.

The undersigned has carefully considered each of the factors listed in 18 U.S.C. § 3583(e). The Defendant's violation is a Grade C violation, and the criminal history category is

II.  The policy statement range in the Guidelines Manual is 4 to 10 months.  The Defendant did not comply with the conditions of supervision and has demonstrated an unwillingness to adhere to conditions of supervision.

Consequently, incarceration appropriately addresses the Defendant's violation.  The sentencing objectives of punishment, deterrence and rehabilitation along with the aforementioned statutory sentencing factors will best be served by a prison sentence of 15 months with no supervised release to follow.  The court finds that an upward departure from the guideline imprisonment range is justified in this case due to the seriousness of the violation.

### VII.  Recommendations

The court should find that the Defendant violated the allegation in the petition that he violated a special condition of release by failing to complete sex offender treatment.  The petition should be granted, and the Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583.  The Defendant should be sentenced to a term of 15 months' imprisonment with no supervised release to follow.  The Defendant requested to serve his prison term at the Federal Correctional Institution in Seagoville, Texas.  The Defendant's request should be accommodated, if possible.

### VIII.  Objections

At the close of the revocation hearing, the Defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release, and consenting to the imposition of the above sentence recommended in this report (involving all conditions of supervised release, if applicable).  The Defendant also waived his right to be present and speak and have his counsel present and speak before the district court

imposes the recommended sentence. Therefore, the court may act on this report and recommendation immediately.

**SIGNED this the 26th day of February, 2025.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE